**5**

R. E. BRIGHT v. STATE. (No. 10960.) Court of Criminal Appeals of Texas. May 11, 1927. Appeal from District Court, Callahan County: M. S. Long, Judge. Oliver Cunningham, of Abilene, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for driving an automobile upon a public road while under the influence of intoxicating liquor; punishment fixed at confinement in the county jail for a period of 30 days. Since the filing of his appeal in this court, appellant has filed a writ-

ten request, duly verified, asking that the appeal be dismissed. The request is granted, and the appeal ordered dismissed.

---

**I**

**A. J. DAVIS v. STATE.** (No. 10535.) Court of Criminal Appeals of Texas. April 13, 1927. Commissioner's Decision. Appeal from District Court, Shackelford County; W. R. Ely, Judge. Will R. Saunders, of Breckenridge, and E. W. Bounds, of Fort Worth, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

BETHEA, J. The appellant was tried and convicted of the offense of burglary, and his punishment assessed at four years in the penitentiary. This case is a companion one with the case of M. M. Barrington v. State, 291 S. W. 557. The appellant and his codefendant, Barrington, were separately indicted, but by agreement were tried jointly. The records in both cases are exactly the same. The questions relied upon for a reversal in the instant case were disposed of adversely to appellant's contention in the opinion in the Barrington Case, referred to above. The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**2**

Irving **DAWSON v. STATE.** (No. 10830.) Court of Criminal Appeals of Texas. April 13, 1927. Rehearing Denied May 25, 1927. Commissioners' Decision. Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Terrell & Miller, of Dallas, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

BAKER, J. The appellant was convicted of burglary, and his punishment assessed at eight years in the penitentiary. The record discloses that appellant was charged and convicted of burglarizing the house belonging to G. W Parker in the city of Dallas. It was the contention of the appellant, and he so testified, that he did not commit the alleged offense, and knew nothing about it. The record contains but one bill of exception, which embraces appellant's motion to quash the indictment, the testimony introduced in the case, the motion for new trial, the substance of the order overruling said motion, the sentence of the appellant, and the notice of appeal. This bill is not in keeping with the statutes of this state and the decisions of this court, requiring a bill of exception to point out specifically the objection complained of in such a manner that the bill, of itself, will apprise this court of the alleged error. Nugent v. State, 101 Tex. Cr. R. 86, 273 S. W. 598. Finding no error in the record, and the evidence being sufficient to warrant the conviction, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**On Motion for Rehearing.**

LATTIMORE, J. Appellant makes the contention in his motion that the venue was not proven. No issue was made on this matter in the trial of the case. Article 847, C. C. P. 1925, requires this court to presume that the venue was proven in the court below, unless same was made an issue upon the trial, and it affirmatively appears to the contrary by bill of exceptions approved by the trial court, or proven up by bystanders. The bill of exceptions, attempting to bring before this court complaint of practically everything that took place upon the trial, is multifarious and insufficient. The motion for rehearing is overruled.

---

**3**